IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TOMMY R. CURRIE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.3:13-cv-83-DRH-DGW |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge David R. Herndon pursuant to 28 U.S. C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Petition for a Writ of Habeas Corpus filed by Petitioner on January 25, 2013 (Doc. 1). For the reasons set forth below, it is **RECOMMENDED** that the Petition be **DISMISSED WITHOUT PREJUDICE** and that the Court adopt the following findings of fact and conclusions of law.

### FINDINGS OF FACT

Petitioner is currently housed at the Greenville Federal Correctional Institution and has a projected release date of September 28, 2013. His Petition alleges that the Bureau of Prisons is violating his due process rights by failing to timely place him in a halfway house (i.e. a Community Correctional Facility) prior to the end of his term of incarceration. Petitioner states that his case manager told him on January 7, 2013 that he would not be placed in a halfway house until May 20, 2013, only four months prior to his projected release date rather than six months prior to his release date, because of a lack of bed space. Petitioner contends that placement in a halfway house for at least 6 months (and preferably 12 months) is necessary because he requires

that amount of time to reacclimatize to society after having spent 10 years in jail. Prior to filing this lawsuit, Petitioner states that he did not seek any administrative remedies because he would not have time prior to May 20, 2013 to exhaust his remedies.

Respondent has filed a response to the Petition in which he argues that the Petition should be dismissed because Petitioner failed to exhaust his administrative remedies. Respondent also argues that the Petition should also fail on the merits. Attached to the Response is an "Institutional Referral for RRC Placement" to the Community Corrections Manager Janet Perdue, which recommends that Petitioner be placed in a halfway house on April 2, 2013, 180 days prior to his projected release date (Doc. 13-2, p. 5).

## CONCLUSIONS OF LAW

Title 28 U.S.C. § 2241 generally allows an inmate to challenge the execution of a sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Prior to filing such a Petition, however, Petitioner should exhaust his administrative remedies. *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997); *See also Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004). The Bureau of Prisons has a well-defined and established administrative remedy procedure that Petitioner could have employed prior to filing suit. *See* 28 C.F.R. § 542.10, *et seq*. In his Petition, Petitioner affirmatively states that he did not employ these remedies because he would not have had time to exhaust prior to May 20, 2013. This belief presupposes that an initial request for relief would have been denied. This belief also presupposes that January, 2013 was the *earliest* time that Petitioner could have filed for administrative remedies. The memorandum in support of the Petition further does not indicate that Petitioner complained to his case manager once he found out that his placement in a halfway house was for only 3 months. The

2

memorandum indicates that when Petitioner saw his transfer date, he asked his case manager why that date was being used.  Petitioner states that when his case manager told him that he would only be placed in a halfway house for 3 months because of bed spacing his next course of conduct was to research the relevant statute.  At no point in the memorandum does Petitioner indicate that he alerted anyone at the BOP that he was dissatisfied with the timeliness of his placement in a halfway house.  There is also no indication that Petitioner made any attempt, prior to January, 2013 to determine when he would be placed in a halfway house.  If Petitioner claims that he should have been placed in a halfway house 12 months prior to his release date, they he should have known on at least September 28, 2012 that he was not being transferred.  Pursuing administrative remedies (or at least inquiring about such placement) at that point may also have achieved the result that Petitioner seeks in his suit.

The purpose of exhausting administrative remedies prior to filing suit is to allow the BOP to address Petitioner's claim and potentially provide swifter relief than would be possible in a federal lawsuit.  *See Woodford v. Ngo*, 548 U.S. 81, 89 (2006).  An administrative record would also allow this Court to fully consider the merits of Petitioner's claim.  By Petitioner's own statements in the Petition, he made absolutely no effort to seek redress with the BOP prior to filing suit.  Exhaustion can be excused when:

> (1) requiring exhaustion of administrative remedies causes prejudice, due to unreasonable delay or an indefinite timeframe for administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative process would be futile because the agency is biased or has predetermined the issue; or (4) where substantial constitutional questions are raised.

*Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004).

None of these exceptions apply to the case at hand.  There is no showing that the BOP would

unreasonably delay resolution of Petitioner's ability to enter a halfway house.  Indeed, Petitioner acknowledges that he already has spoken to his case manager about when he would be placed in the halfway house.  There is no showing that the BOP cannot grant the relief requested or that it is biased against Plaintiff.  Moreover, there are no substantial constitutional issues raised in the Petition.

In light of the failure to exhaust, the merits of the Petition need not be addressed.  However, it should be noted that Petitioner's claim that his due process rights have been violated is without merit.  Petitioner claims that his due process rights were violated when his initial evaluation for placement in a halfway house was not initiated until January, 2013 instead of 12 to 18 months prior to his release date.  Petitioner cites to no authority that would mandate when the BOP must evaluate his placement in a halfway house.  Title 18 U.S.C. §3624(c), known as the Second Chance Act, provides that:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that terms (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community.  Such conditions may include a community correctional facility. *Id.*

The statute similarly does not mandate a particular term in a community correctional facility but only specifies the maximum amount of time that can be served in such a facility.  In considering where to place an inmate, the BOP can consider the "resources of the facility contemplated," the characteristics of the inmate, the characteristics of the crime, the statements of the Court imposing the sentence, and other policy considerations.  18 U.S.C. § 3621(b)(1-5). The decision of where to house Petitioner is left to the sound discretion of the BOP and will only be disturbed if there is a showing that it acted in an arbitrary or capricious manner or that it otherwise abused its discretion.

4

*See Vasquez v. Strada*, 684 F.3d 431, 434 (3rd 2012); *Feazell v. Sherrod*, 2010 WL 5174355, *2-3 (S.D. Ill. 2010). There is no showing that the BOP acted in an arbitrary or capricious manner. Indeed, the recommendation that Petitioner be placed in a halfway house on April 2, 2013 indicates that all five factors were at least considered (Doc. 13-2, p. 5).

## RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that the Petition be **DISMISSED WITHOUT PREJUDICE** for want of exhaustion and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: March 26, 2013**

**DONALD G. WILKERSON**
**United States Magistrate Judge**